Dear Mr. Manuel:
Your request for an opinion on behalf of the Mayor of the Town of Cottonport was forwarded to me for research and reply. Your request posed the following question:
 What powers are retained by the mayor upon appointment of a magistrate?
The relevant statute is La. R.S. 33:441.8, which states, in pertinent part:
 The board of alderman of the town of Cottonport, shall upon request of the mayor, appoint an attorney who shall be designated as court magistrate and who shall serve at the pleasure of the mayor and may from time to time be designated by the mayor to serve in his stead as the presiding official over the mayor's court. Whenever the magistrate is so designated by the mayor to preside over the mayor's court, he shall exercise the powers and authority of the mayor over said court.
A proper reading of the statute indicates that the mayor retains no authority or power over the mayor's court once a magistrate has been appointed to preside over the mayor's court. Should the mayor appoint a magistrate ad hoc, then the mayor relinquishes all authority to preside over those cases. Further, the statute states that the magistrate shall serve at the pleasure of the mayor. Since the magistrate serves at the pleasure of the mayor, it is within the mayor's discretion to remove the magistrate.
Thus, it is the opinion of this office that the mayor retains no authority or power over the mayor's court once he has a magistrate appointed to preside over the mayor's court.
If our office may be of any further assistance, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: DONALD W. NORTH Assistant Attorney General
RPI/DWN:ckj